# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD HALL BELL, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PJM-16-1990 |
| FRANK B. BISHOP, JR. and | * | |
| THE ATTORNEY GENERAL OF THE | | |
| STATE OF MARYLAND | * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Edward Bell filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and Respondents submitted their Response, which raised questions about exhaustion. ECF No. 1, 25. Thereafter, Bell filed two Motions, including a Motion for Stay and Abeyance. ECF No. 26, 31. He also submitted correspondence requesting to raise another ground for relief. ECF No. 30. For the reasons that follow, Bell's Motion for Stay and Abeyance and request to raise another ground are denied, and Bell's Motion for Extension of Time is granted in part and denied in part. Bell will be provided with an opportunity to explain why the Court should consider his Fourth and Fifth claims notwithstanding their procedural default and to present any other Reply to the Response.

## PROCEDURAL BACKGROUND

In 2004, a jury convicted Bell of first degree murder, attempted first degree murder, and two counts of using a handgun in the commission of a crime of violence. ECF No. 25-1 at 2, 56. His direct appeal to the Maryland Court of Special Appeals was rejected as to almost all claims.[1] *Id.* at 56.

---

[1] The Court of Special Appeals instructed that the criminal docket sheet be amended because it reported the incorrect sentence, but otherwise denied relief. ECF No. 25-1 at 56.

In 2007, Bell filed a Petition for Postconviction Relief ("PCR Petition") in the Circuit Court for Prince George's County. *Id.* at 69-86. Bell argued that trial counsel was ineffective for failing "to object to the fact that his client right [sic] to be present throughout trial," failing to object to the State serving notice of intent to seek life without parole only on the attorney and not on Bell, and failing to timely file a motion for modification or reduction of sentence. *Id.* at 72, 83. At the postconviction hearing, Bell also orally raised an issue concerning transcripts of the grand jury proceedings. ECF No. 25-7 at 10-11. On March 14, 2011, Bell's PCR Petition was rejected as to the substantive legal arguments.[2] ECF No. 25-1 at 99-100. In January 2013, the Court of Special Appeals denied Bell's Application for Leave to Appeal from the denial of his PCR Petition. *Id.* at 101-111.

Thereafter, Bell filed a Motion to Correct Illegal Sentence, arguing that only 11 of the 12 jurors were polled regarding their verdict. *Id.* at 112, 115. The Circuit Court denied relief, the Court of Special Appeals affirmed, and the Court of Appeals denied a writ of certiorari. *Id.* at 122-34.

In 2016, Bell filed the instant 28 U.S.C. § 2254 Petition, raising the following grounds: (1) counsel was ineffective because Bell was denied the right to be present at bench conferences and during voir dire (raised in PCR Petition); (2) counsel was ineffective for failing to request the grand jury transcript (raised orally at postconviction hearing); (3) Bell's sentence was illegal because not all jurors were polled (raised in Motion to Correct Illegal Sentence); (4) "counsel failed to investigat[e] the other suspects" (not previously raised); and (5) "[t]he state did not turn over the firearms examination report" (not previously raised). ECF No. 1 at 6. After the action was stayed pending a potentially relevant decision of the Maryland Court of Appeals, ECF No. 10,

---

[2] The postconviction court did grant Bell's request to file a belated request for review of sentence and a belated motion for modification of sentence. ECF No. 25-1 at 99.

Respondents argued that Bell's Petition was untimely filed, ECF No. 13. The Court subsequently instructed Respondents to address the merits of Bell's claims. ECF No. 17.

Respondents contended, among other arguments, that two of the five claims presented in Bell's Petition were unexhausted and therefore that Bell had filed a mixed petition raising both exhausted and unexhausted claims. ECF No. 25 at 12-14. Specifically, they asserted that Bell had not exhausted claims that trial counsel failed to investigate other suspects and that the state failed to turn over a firearms examination report. ECF No. 25 at 12-14; *see also* ECF No. 1 at 6. Respondents argued that Bell remains capable of exhausting these two claims because he can move to reopen his earlier state postconviction proceedings pursuant to Md. Code Ann., Crim. Proc. § 7-104, which states the postconviction court "may reopen a postconviction proceeding that was previously concluded if the court determines that the action is in the interests of justice." ECF No. 25 at 12-14.

Based on Respondents' argument, Bell filed a Motion for Stay and Abeyance requesting that this Court "send this case back down to the lower court for a hearing or [in the] alternative to allow the petitioner to file a reopening of his post-conviction [proceedings]." ECF No. 26 at 2. The Court ordered Bell to demonstrate good cause for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005), ECF No. 28, and Bell timely responded, ECF No. 29.

## DISCUSSION

**I. Exhaustion/Motion for Stay and Abeyance (ECF No. 26)**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a

person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in postconviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301. To exhaust a claim through postconviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Where a petition contains exhausted and unexhausted claims, the "district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)).

Maryland's appellate courts have made it clear that, although Maryland statutes permit postconviction proceedings to be reopened,

> the reopening of a post-conviction petition is "for the purpose of providing a safeguard for the occasional meritorious case where the convicted person ha[s] already filed one postconviction petition." *Alston v. State*, 425 Md. 326, 335 (2012). It is not for the purpose of creating a "functional substitute" for a subsequent petition for post-conviction relief. *Gray v. State*, 388 Md. 366, 380 (2005).

4

> Moreover, a reopened petition is subject to the "waiver" provision of [Maryland's Uniform Postconviction Procedure Act], which provides that an "allegation of error is waived when a petitioner could have made but intelligently and knowingly failed to make the allegation" in, among other things, a "prior" petition for post-conviction relief. [Md. Code Ann., Crim. Proc.] § 7–106(b)(6). Thus, if a petitioner seeks to raise, in his petition to reopen, an allegation of error that could have been, but was not, raised in his petition for post-conviction relief, that allegation of error is presumptively waived.

*Gregg v. State*, 223 Md. App. 772 (2015); *see also Grandison v. State*, 425 Md. 34, 62 (Md. 2012) ("[H]is failure to raise the claim in any number of prior proceedings constituted a knowing, intelligent waiver"). Maryland's Uniform Postconviction Procedure Act provides that a person can only proceed under the Act (including via the reopening of postconviction proceedings) where "the alleged error has not been previously and finally litigated or waived in the proceeding resulting in the conviction or in any other proceeding that the person has taken to secure relief from the person's conviction." Md. Code Ann., Crim. Proc. § 7-102(b)(2).

Where a petitioner has failed to properly exhaust a claim and no longer has the capability of doing so, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Unlike exhaustion, the Court may resolve a Petition containing both defaulted and non-defaulted claims. However, if a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[3] *See*

---

[3] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

*Murray v. Carrier*, 477 U.S. 478, 485, 495-96 (1986); *Breard*, 134 F.3d at 620. Cause refers to "some objective factor external to the defense [that] impeded counsel's efforts" to raise the claim in state court at the appropriate time. *Murray*, 477 U.S. at 488. Examples of cause include a showing that the factual or legal basis of the claim was unavailable to counsel or that some interference by officials prevented counsel from raising the claim. *Id.* Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

In this case, although the Court agrees that Bell did not present the two claims at issue (investigation of other suspects and firearms examination report) to the state courts, this Court rejects Respondents' contention that these claims are presently capable of being exhausted. Bell's submissions demonstrate that he was aware of both claims no later than April 2009, while his state postconviction petition remained pending. *See* ECF No. 29-1 at 1. Although Bell states that his postconviction counsel refused Bell's request to raise these two issues, ECF No. 29 at 1-2, Bell's filings reveal that postconviction counsel expressly informed Bell that he could file a pro se supplemental postconviction petition raising those claims, ECF No. 29-1 at 3 (letter from postconviction counsel dated November 30, 2010). As Bell was aware of the two issues and the mechanism by which he could present the claims to the state courts before the PCR Petition was adjudicated, the Court concludes that he was capable of raising these issues during a prior state postconviction proceeding but failed to do so. These claims are therefore presumptively waived and there is no indication that a Motion to Reopen his postconviction proceedings would be granted. Thus, the Court rejects the contention that Bell has a mixed petition capable of being fully exhausted. Accordingly, the Court will deny Bell's Motion for Stay and Abeyance.

Instead, because Bell failed to exhaust the two claims at issue and appears unable to do so now under Maryland law, the Court finds that these claims are procedurally defaulted. Bell will be given an opportunity to present arguments as to why the court should consider the defaulted claims on the merits. *See Murray*, 477 U.S. at 485, 495-96 (1986); *Breard*, 134 F.3d at 620.

**II. Bell's Request to Add Issue for Review (ECF No. 30)**

Bell has also filed a self-styled "Request to enter direct appeal issue," explaining that, although his 28 U.S.C. § 2254 Petition referenced a "hearsay rule" issue in recounting his state procedural history, he had failed to specifically present this as an argument for this Court's consideration on habeas review. ECF No. 30. Bell states that the "issue is that the state's law-enforcement witness was allowed to desc[ri]be the police investigation in too much detail in violation of the hearsay rule." *Id.* He requests that this Court allow him to argue the issue in the instant § 2254 proceedings. The Court denies this request. It is the petitioner's responsibility to clearly identify the issues being presented in his habeas action; neither the Court nor the respondent are tasked with assuming that all conceivable or past arguments are being presented. Moreover, Petitioner failed to make it clear that he sought to raise this issue until two and a half years after he initiated this action.

In any event, a review of the Court of Special Appeals' opinion ruling on Bell's direct appeal reveals that the issue Bell seeks to raise concerns the appropriate application of state law (specifically, whether a rule established in *Zemo v. State*, 101 Md. App. 303 (1994) was violated). ECF No. 25-1 at 56, 64-68. Thus, even if this issue were properly presented in Bell's § 2254 Petition, it concerns a state court application of state law and therefore does not present a cognizable basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law

7

questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *see also Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) ("Because [Petitioner's] claim, when pared down to its core, rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review.").

### III. Motion for Extension of Time (ECF No. 31)

Bell also filed a Motion for Extension of Time, in which he requests additional time to file a reply to the Response and to present his hearsay argument. The Court will grant the Motion as to a reply, but will deny the remainder of the Motion as moot, given the above discussion of the hearsay rule issue.

### CONCLUSION

Bell's Motion for Stay and Abeyance (ECF No. 26) is denied, and his Motion for Extension of Time (ECF No. 31) is granted in part and denied in part. Bell's request to present his non-cognizable state hearsay claim is denied. Bell will have 28 days file a reply discussing the procedurally defaulted claims and presenting any other arguments regarding the Response.

A separate Order follows.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

March 19, 2019